UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIELLE TABOR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:16 CV 1682 RWS |
| ) | |
| BAYER CORP., et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER OF REMAND**

Plaintiffs filed this action in state court, claiming personal injuries resulting from the promotion, sale, and distribution of the medical device product known as Essure. The ninety-four Plaintiffs are citizens of a number of states, including Missouri, Indiana, Pennsylvania, and New Jersey.

Defendant Bayer Corporation is a citizen of Indiana and Pennsylvania. Defendant Bayer HealthCare LLC is a citizen of New Jersey and Pennsylvania. Defendant Bayer Essure, Inc. is a citizen of New Jersey. Defendant Bayer HealthCare Pharmaceuticals, Inc. is a citizen of New Jersey.

Defendants removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a). Defendants also invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331 and jurisdiction under the Class Action Fairness Act (CAFA) under 28 U.S.C. § 1332(d).

In an effort to establish diversity jurisdiction, because Defendants share citizenship with several Plaintiffs, Defendants filed a motion to dismiss the non-Missouri Plaintiffs' claims for lack of personal jurisdiction. Plaintiffs filed a motion to remand the case to state court based on a lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." In re Prempro, 591 F.3d at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Id.

Defendants argue that I should consider their motion to dismiss first and dismiss the non-Missouri Plaintiffs, which would result in complete diversity of citizenship. Alternatively, Defendants argues that if I consider the motion to remand first, I still have subject matter jurisdiction because the non-diverse

Plaintiffs are fraudulently joined, meaning I can disregard their citizenship for the purposes of subject matter jurisdiction.

I have discretion to determine whether to consider subject matter or personal jurisdiction first.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587–88 (1999).  When presented with arguments similar to the ones before me, judges in this district have exercised their discretion to consider subject matter jurisdiction first.  See, e.g., Clark v. Pfizer, Inc., 2015 WL 4648019, at *2–3 (E.D. Mo. Aug. 5, 2015); Parker v. Pfizer, Inc., 2015 WL 3971169, at *2 (E.D. Mo. June 30, 2015); Polk v. Pfizer, Inc., 2015 WL 1976370, at *1 (E.D. Mo. May 1, 2015); Littlejohn v. Janssen Research & Dev., LLC, 2015 WL 1647901, at *1 (E.D. Mo. Apr. 13, 2015).  As the inquiry regarding subject matter jurisdiction is not "arduous," see Ruhrgas, 526 U.S. at 587–88, I will exercise my discretion to do the same here.

Defendants argue that despite the lack of complete diversity, I have subject matter jurisdiction because I do not have personal jurisdiction over Defendants for the non-Missouri Plaintiffs' claims and thus should disregard their citizenship. Other judges in this district have considered this argument and repeatedly remanded similar cases to state court for lack of subject matter jurisdiction.  See Clark, 2015 WL 4648019, at *2–3; Parker, 2015 WL 3971169, at *2–4; Bradshaw v. Mentor Worldwide, LLC, 2015 WL 3545192, at *2–3 (E.D. Mo. June 4, 2015); Gracey v. Janssen Pharmaceuticals, Inc., 2015 WL 2066242, at *3–4 (E.D. Mo. May 4, 2015); Polk, 2015 WL 1976370, at *2–3; Littlejohn, 2015 WL 1647901, at

3

*1; Simmons v. Skechers USA, Inc., 2015 WL 1604859, at *3–5 (E.D. Mo. Apr. 9, 2015).  In those cases, as in this case, some plaintiffs shared citizenship with the defendants, and common issues of law and fact connected plaintiffs' claims of injury from a single drug or product.

Defendants also assert the fraudulent misjoinder doctrine in an attempt to dismiss the claims of the non-Missouri Plaintiffs.  Fraudulent misjoinder occurs "when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party . . . even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other," while "[f]raudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal."  In re Prempro, 591 F.3d at 620 (quotation marks omitted).

Defendants argue that I should sever the claims of the non-Missouri Plaintiffs because their joinder is a sham to defeat removal.  Even if Plaintiffs' claims are improperly joined, given the common issues of law and fact that are likely to arise, any misjoinder is not "so egregious and grossly improper" as to "border[] on a sham."  In re Prempro, 591 F.3d at 624 (quotation marks omitted).

As all doubts about federal jurisdiction are resolved in favor of remand, I will remand this action and "leave to the learned state court the question of personal jurisdiction."  Clark, 2015 WL 4648019, at *3 (quotation marks omitted); see also In re Prempro, 591 F.3d at 624 n.8 ("'[T]he fraudulent-joinder doctrine

4

and its allied jurisprudence adds a further level of complexity—and additional litigation—to a federal court's decision regarding removal jurisdiction . . . . In many situations this confusion easily could be avoided by having the removing party challenge the misjoinder in state court before seeking removal.'" (quoting 14B Charles A. Wright et al., Federal Practice and Procedure § 3723, at 658 (3d ed. 1998))).

Defendants' removal based on federal question jurisdiction also fails. To support this ground for removal Defendants rely on Plaintiffs' references in their complaint to the Federal Food Drug and Cosmetic Act, 21 U.S.C. § 301 et seq. and it regulations. However, mere references to federal statutes in support of state law claims do not create a federal question claim. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986). All of Plaintiffs' claims are based on state law grounds. They do not assert federal claims or involve a substantial disputed question of federal law. To the extent Defendants seek to assert Plaintiffs claims are preempted by federal law they are free to do so in state court. Caterpillar Inc. v. Williams, 482 U.S. 386, 398 (1987) ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under [federal statutes] does not establish that they are removable to federal court.").

Finally, as a basis for removal, Defendants argue that this case should be considered with other recently filed Essure cases and found to be a mass action under CAFA. However, a mass action is defined as a civil action "in which 100 or

more persons are proposed to be tried jointly …" 28 U.S.C. § 1332(d)(11)(B). There is nothing in the record to support a finding that all these cases are going to be consolidated and that Plaintiffs have proposed to have them tried jointly. Moreover, plaintiffs may choose to file separate state court actions of less than 100 plaintiffs involving the same drug and avoid the mass action provision of CAFA unless their claims are proposed to be tried jointly. <u>Atwell v. Boston Scientific Corp.</u>, 740 F.3d 1160, 1163 (8th Cir. 2013). As a result, Defendants' reliance on CAFA jurisdiction is without support.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Remand [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** without prejudice as moot.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of December, 2016.